UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

   v.                                      Criminal No. 00-cr-42-JD
                                            Opinion No. 2010 DNH 183

Geno Haibowicz


O R D E R


     In 2000, Geno Haibowicz pled guilty to bank robbery and transportation of a stolen vehicle and was sentenced to concurrent prison terms of forty-six months, which later were reduced to thirty-four months.  He was also required to pay a fine of $300 and restitution of $8,891 to the victims of his crimes.  The government moves for an order to compel discovery of Haibowicz's assets and ability to pay the unpaid amount of restitution and for a hearing on periodic payments.  The government states that it was not able to contact Haibowicz about the motion.

     In support of its motion, the government represents that Haibowicz owes a balance on his restitution obligation, plus interest, of $6,910.83 and that Haibowicz has failed to respond to the financial affidavit the government sent to him.  As a result, the government contends, it lacks sufficient information to petition for an order requiring Haibowicz to make periodic

payments toward his restitution obligation.  For that reason, the government asks the court, pursuant to Federal Rule of Civil Procedure 69(a) and New Hampshire Revised Statutes Annotated § 524:6-a, to order Haibowicz to appear at the court at a set date and time, to complete a financial form the government appended to its motion, to bring copies of the documents listed in an appendix to the motion, to answer other questions about his financial situation, and to order periodic payments of the restitution obligation.

In the original judgment in Haibowicz's case, entered on September 18, 2000, he was ordered to pay $300 immediately, with the balance of his criminal monetary penalties to be paid in installments, beginning thirty days after the date of the judgment.[1]  The judgment further provided:  "In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate . . . ."  The government later moved under Federal Rule of Criminal Procedure 35(b) to reduce Haibowicz's sentence from forty-six to thirty-four months of imprisonment.  The court

---

[1] The government represents that Haibowicz's criminal monetary penalties were subject to 6.241% interest.

granted the motion and entered an amended judgment on January 28, 2002, which reflected the reduced sentence.  Haibowicz's fine and restitution obligations were not changed.

Nothing further appears in Haibowicz's court file.  The probation office provided a copy of the presentence investigation report, and related documents.  Based on the file and documents submitted by the probation office, it appears that Haibowicz's probation officer did not pursue collection of the amount due or request that the court establish a payment schedule, as provided in the judgment.

The government is now pursuing collection of the remainder of the restitution due without reference to the judgment's provision for collection efforts by Haibowicz's probation officer.  The government cites Rule 69(a) and New Hampshire Revised Statutes Annotated § 524:6-a as the applicable authority for the government's requested action.  In the absence of a more developed motion that addresses both the terms of the judgment and the applicable law, the government has not demonstrated that it is authorized to proceed as its motion represents.  See, e.g., United States v. Gianelli, 543 F.3d 1178, 1182-83 (9th Cir. 2008) (discussing interaction of Rule 69(a) and Federal Debt Collection Procedures Act in restitution context); United States v. Bongiorno, 106 F.3d 1027, 1036-39, rehearing denied, 110 F.3d 132

(1st Cir. 1997) (holding that Federal Debt Collection Procedures Act is not an available means for the government to collect restitution owed to a victim).  The government's mere citation to Rule 69(a) and RSA 524:6-a is insufficient to establish that it is entitled to an order compelling post judgment discovery and a hearing.

In addition, the government states that Haibowicz "has neglected or refused to answer and return the financial affidavit sent to him . . . ."  The government has not explained whether Haibowicz was contacted or what actions were taken to contact him.  As a result, the government's motion does not establish that Haibowicz "neglected or refused to answer," because he may not have received the materials that the government sent to him.

## Conclusion

For the foregoing reasons, the government's motion to compel discovery (document no. 20) is denied without prejudice.

The probation officer who was assigned to Geno Haibowicz shall prepare a report, addressing what efforts were made by the

probation office to collect restitution owed by Haibowicz and whether a payment schedule should be ordered.

    SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

October 19, 2010

cc:   Donald A. Feith, Esquire
      Michael T. McCormack, Esquire
      United States Probation Service